UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGINAL HOLSTON,

CASE NO.: 8:23-cv-75-MMS-NHA

Plaintiff,

v.

TRINITY SERVICES GROUP, INC. *et. al.,*

Defendants.
_______________________________________ /

**DEFENDANT, TRINITY SERVICES GROUP'S, MOTION TO DISMISS**

COMES NOW Defendant, TRINITY SERVICES GROUP ("Trinity"), by and through its undersigned counsel hereby files its Motion to Dismiss Plaintiff's Complaint, and in support, states as follows:

**INTRODUCTION**

Plaintiff Reginal Holston has a history of filing overly lengthy, handwritten shotgun pleadings.[1] His current Third Amended Complaint ("Complaint") is mostly a copy of his previously Amended Complaint and similar to other previously-dismissed lawsuits. As it relates to Trinity, Plaintiff's claims arise from a bug he allegedly found in one of his meals in 2019, and some sundry items that Plaintiff

---

[1] See, e.g., *Holston v. Ryan English,* U.S. Dist. S.D. Fla., Case No.: 2:20-CV-14421-AMC. Eventually dismissed as an impermissible shotgun pleading, plaintiff initially filed a 246-page Complaint against 25 separate defendants.

believes were somehow stolen or kept from him (including bananas, coffee, and a preferred brand of batteries).

A review of federal and state court records reveals that Plaintiff has had these same claims dismissed in at least two other cases previously filed in 2020 and 2022, because, *inter alia*, they were also impermissible shotgun pleadings. *Holston v. Ryan English*, U.S,, Dist. S.D. Fla., Case No.: 2-20-cv-14421-AMC (dismissed by Court on Oct. 11, 2022 (Doc. 80); *Holston v. Trinity Services Group, Inc.,* Charlotte County, Circuit Court Case No.: 2022-CA-001589 (voluntarily dismissed by Plaintiff on April 11, 2023). Similarly, this Court should dismiss Plaintiff's Complaint as an impermissible shotgun pleading, and because his claims lack merit.

## MEMORANDUM OF LAW

### I. STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." *Fed. R. Civ. P. 12(b)(6).* To survive a 12(b)(6) motion, the complaint must plead sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The sufficiency of a complaint is a question of law, and, when considering a rule 12(b)(6) motion, a court must accept as true all well-pled factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007)("[O]nly if a

reasonable person could not draw ... an inference [of plausibility] from the alleged facts would the defendant prevail on a motion to dismiss.").

The Eleventh Circuit's "shotgun-pleading rule applies to everyone," counseled or uncounseled, and the Court screens the Complaint to ensure that it does not constitute an impermissible "shotgun-pleading." *Pinson v. JPMorgan Chase Bank, N.A.*, 942 F.3d 1200, 1208 (11th Cir. 2019). Shotgun-pleadings are complaints that fail to comply with Rule 8. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Under that Rule, a pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P. 8(a)(2).*

The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings," including: (1) a complaint "containing multiple counts where each count adopts the allegations of all preceding counts," (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," (3) a complaint that does "not separat[e] into a different count each cause of action or claim for relief," and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321-23. More broadly, "[a] dismissal under Rules 8(a)(2) and 10(b) is appropriate where 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *Id.* at 1325 (emphasis in original)

(quoting *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)).

Finally, although courts afford *pro se* litigants leeway in pleadings, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), *pro se* litigants are still required to meet certain essential burdens in their pleadings, see *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990), and courts do not have license to rewrite an otherwise deficient pleading. *GJR Investments, Inc., v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

## II. PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES.

Section 1997e(a) of the Prison Litigation Reform Act of 1995 (PLRA) bars a prisoner from bringing any federal action "with respect to prison conditions" under any Federal law until "such administrative remedies as are available are exhausted." *42 U.S.C. § 1997e(a).* Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life. *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 993 (2002). Although exhaustion is an affirmative defense, dismissal is appropriate where non-exhaustion appears from the pleading. See *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Here, Plaintiff confirms that his claims arose while he was confined in correctional institutions, that those institutions had grievance procedures, and that those procedures covered some or all of his claims. *See* Doc. 196 at 52-53. But when asked to identify the relevant grievance, what he claimed, the result, and any appeal, Plaintiff failed to provide any factual allegations and instead wrote "N/A" and "*Jones v. Bock*". *Id.* at 53-54. Those responses do not show proper exhaustion of the Trinity-related prison-condition claims, including the food-service, menu-item, and RICO allegations. *See id.* ¶¶ 285-322, 368-410. To the extent the Complaint shows Plaintiff failed to complete available grievance procedures before filing suit, the federal claims against Trinity should be dismissed under the PLRA.

## III. PLAINTIFF FAILS TO COMPLY WITH THE GRANTING ORDER INSTRUCTIONS.

Plaintiff's Complaint should also be dismissed because it fails to comply with the Court's amendment instructions in Doc. 179. The Court dismissed Plaintiff's second amended complaint and gave him one final opportunity to amend and correct the pleading defects. Doc. 179 at 3. The Court further warned that noncompliance would result in dismissal without further notice. Doc. 179 at 5; Doc. 194 at 2.

Here, Plaintiff did not cure those defects. The Complaint remains a sprawling, 59-count pleading that lumps together a total of 62 defendants and obscures which facts support which claims against which defendant. *See generally* Doc. 196. The filing's length and structure confirm Plaintiff did not meaningfully comply with the Court's instructions after receiving one final opportunity to amend.

## IV. PLAINTIFF'S CLAIMS FAIL AS A MATTER OF LAW

Even if Plaintiff's claims were not barred for the numerous reasons discussed above, Plaintiff's claims still fail as a matter of law and should be dismissed.

### a. Impermissible Shotgun Pleading

Plaintiff's claims must be dismissed because his Complaint is, once again, an impermissible shotgun pleading. The third amended Complaint remains a sprawling 59-page filing asserting 59-counts, lumps together a total of 62 defendants and obscures which facts support which claims against which defendant over 451 paragraphs. *See generally* Doc. 196. What is more concerning is the Complaint is barely legible, incoherent, and filled with theories that are unsupported with any plausible factual allegations that can be discerned. The filing's length and structure confirm Plaintiff did not meaningfully comply with the Court's instructions after receiving one final opportunity to amend.

As to Trinity, the pleading forces Trinity and the Court to sift through dozens of unrelated counts and allegations to determine which claims are actually asserted against Trinity and what facts supposedly support them. For example, Count 50 names Trinity as part of an alleged RICO enterprise, and lumps Trinity together with state agencies, medical providers, and correctional officials without identifying what specific racketeering conduct Trinity supposedly committed. *See* Doc. 196 ¶¶ 368-410. The pleading remains legally argumentative, conclusory, and unclear as to what facts support which claims against which defendants.

While a pro se plaintiff is entitled to liberal construction, they may not disregard Rule 8, Rule 10, or the Court's express amendment instructions. *See Pinson*, 942 F.3d at 1208. It is also worth noting that by now, Plaintiff is well aware of the rules surrounding shotgun pleadings. He has, after all, previously violated this prohibition multiple times and had his cases dismissed. Even in this case, the Court reminded him of this prohibition when ordering him to file an amended complaint. *See Doc. 7.* Yet Plaintiff continues to willfully file lawsuits that are unnecessarily lengthy, filled with salacious accusations, and often incomprehensible.

Because plaintiff's Third Amended Complaint constitutes an impermissible shotgun pleading that does not give defendants fair notice of the claims against them, the claims must be dismissed.

**b. Count Thirty-Six: Negligent Infliction of Emotional Distress**

Even if Plaintiff's claims are considered on the merits, Count Thirty-Six fails to state a claim against Trinity. Plaintiff alleges that A. Weiss and Sgt. Acosta served him a lunch tray containing an insect, and that he later became nauseous and vomited. *See* Doc. 196 ¶¶ 285-288. But the count identifies no wrongful act by Trinity itself and instead focuses entirely on Weiss and Acosta. Because Plaintiff does not plead facts showing Trinity's direct involvement or any actionable conduct by Trinity, Count Thirty-Six should be dismissed.

**c. Count Thirty-Seven: Civil Battery by Feeding**

Count Thirty-Seven also fails because Plaintiff does not plausibly plead battery by Trinity. The only alleged "contact" is the serving of a lunch tray by A. Weiss, allegedly aided by Sgt. Acosta. *See* Doc. 196 ¶¶ 289-291. However, Plaintiff does not plead facts showing that Trinity intended harmful or offensive contact, directed the alleged act, that serving the tray was done to benefit or advance Trinity's interests, or there was any agency relationship of any kind. Therefore, Count Thirty-Seven should be dismissed.

**d. Count Thirty-Eight Through Forty: Failure to Warn, Inspection, and Supervision**

Counts Thirty-Eight (strict liability for failure to warn), Thirty-Nine (negligent supervision), and Forty (negligent failure to warn) fail because they are vague and unsupported by facts showing a legally cognizable duty or breach by Trinity. Plaintiff alleges that Weiss and Acosta failed to warn him that his food contained an insect, that Weiss failed to inspect food trays, and that Weiss negligently supervised inmate kitchen workers. *See* Doc. 196 ¶¶ 292-304. However, Plaintiff does not allege that Trinity manufactured the food, knew an insect was present, had notice of a specific risk, or took any action that caused the alleged insect to be in Plaintiff's tray. Nor does he identify which inmates were improperly supervised or what specific supervision failure caused his alleged injury. Counts Thirty-Eight through Forty should be dismissed.

**e. <u>Counts Forty-One and Forty-Two: Civil Theft, Embezzlement, and Conversion</u>**

Counts Forty-One and Forty-Two fail because Plaintiff does not plead a plausible theft, embezzlement, or conversion claim against Trinity. Plaintiff alleges that Trinity, Weiss, Kipp, Levine, Severson, and Dixon deprived him of coffee, chicken leg quarters, bananas, and batteries based on alleged menu rights, budget allocations, and "CRIP" interests. *See* Doc. 196 ¶¶ 305-322. However, Plaintiff does not plead a cognizable property right in particular prison menu items, facts showing felonious intent by Trinity, or conduct by Trinity that amounts to theft rather than a dispute over prison meals or canteen items. Plaintiff also does not allege that he served Trinity with the pre-suit demand required by section 772.11, Florida Statutes. Therefore, counts Forty-One and Forty-Two should be dismissed.

**f. <u>Count Fifty-One: Declaratory and Injunctive Relief</u>**

Count Fifty-Nine should be dismissed because it does not plead any live controversy or practical need for declaratory relief against Trinity. Plaintiff seeks broad declarations about statewide FDC strip policies, alleged inmate rights to leg quarters, coffee, and fruit, and the JPay agreement. *See* Doc. 196 ¶¶ 450-451. None of those requested declarations identifies actionable conduct by Trinity or any Trinity-specific controversy. Count Fifty-Nine should therefore be dismissed as to Trinity.

**<u>CONCLUSION</u>**

For the reasons stated herein, Trinity respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice.

## **CERTIFICATE OF GOOD FAITH CONFERENCE**

In accordance with Rule 3.01(g) of the Rules of the United States District Court for the Middle District of Florida, the undersigned certifies that on October 16, 2026 he spoke with Plaintiff via telephone and that Plaintiff objects to and opposes this Motion.

*SPACE LEFT INTENTIONALLY BLANK*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 19th, 2026, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system which will serve an electronic copy upon all counsel of record. I further certify that a correct copy of the foregoing was sent by U.S. mail to Plaintiff, *Pro Se,* Reginal L. Holston, L-27714, Blackwater River Correctional Facility, 5914 Jeff Ates Road, Milton, Florida 32583.

**HINSHAW & CULBERTSON LLP**

*s/ Burke G. Lopez*

Burke G. Lopez, Esquire
Florida Bar No. 855669
blopez@hinshawlaw.com
HINSHAW & CULBERTSON LLP
100 South Ashley Drive
Suite 1310
Tampa, FL 33602
Telephone: 813-276-1662
Facsimile: 813-436-8738
Secondary:
jrooney@hinshawlaw.com;
jvaldez@hinshawlaw.com
TAMDocket@hinshawlaw.com
*Counsel for Defendant, Trinity*